# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
)
**ROBERT E. MILLER, JR.,**                          )
)
    **Plaintiff,**                                  )
)    **Civil Action No.**
    **v.**                                        )    **12-11440-FDS**
)
**FIDELITY INVESTMENTS,**                          )
)
    **Defendant.**                               )
_____)

## ORDER

**SAYLOR, J.**

    Plaintiff Robert Miller, an inmate at FCI Terre-Haute, initiated this civil action against
Fidelity Investments.  *See* Docket No. 1.  By Order dated October 31, 2012, Miller's application
to proceed *in forma pauperis* was granted and he was assessed an obligation to make monthly
payments of 20 percent of the preceding month's income credited to his prisoner's account until
the $350 filing fee has been paid in full.  *See* Docket No. 7.  Plaintiff's complaint was returned to
the undersigned for preliminary screening.  *Id.*

    A prisoner must be denied *in forma pauperis* status if he has, on three or more prior
occasions, had an action or appeal dismissed on the ground that it was frivolous, malicious, or
failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Where a prisoner
has "three strikes," he may only proceed in forma pauperis if he is "under imminent danger of
serious physical injury."  *Id.*

    A review of Miller's litigation history reveals that he has had three three non-habeas civil
actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim
upon which relief may be granted.  *See Miller v. United States*, No. 10–15437 (11th Cir. Feb. 9,

2011) (appeal dismissed as frivolous and entirely without merit); *Miller v. United States*, No. 1:10–cv–02996 (N.D. Ga. Oct. 29, 2010) (dismissed as a legally frivolous action); *Miller v. Miller*, No. 1:09–cv–01700 (N.D. Ga. July 6, 2010) (granting a Fed. R. Civ. P. 12(b) motion to dismiss with prejudice and finding the action "so implausible and lacking in merit as to establish the complete lack of a federal controversy").

After reviewing plaintiff's submissions in this civil action, it is clear that plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). Thus, he is not entitled to proceed *in forma pauperis*. This Court's records reveal that Miller has not made any filing fee payments pursuant to 28 U.S.C. § 1915(b)(2). Miller is not permitted to proceed without prepayment of the filing fee. The Treasurer's Office at FCI Terre-Haute is advised, by copy of this Order, that Miller is no longer obligated to make monthly payments towards the filing fee as originally requested by this Court's Notice for Payment of Prisoner Filing Fee. *See* Docket No. 8. The Treasurer's Office is no longer required to send monthly payments from plaintiff's prison trust account (or institutional equivalent) each time the amount in Miller's account exceeds $10.00.

For the reasons stated above, it is hereby ORDERED:

1.      Plaintiff's *in forma pauperis* status is REVOKED;

2.      This case shall be dismissed unless plaintiff Miller pays the required $350 filing fee within 28 days of the date of this Order; and

3.      The Clerk shall send a copy of this Order to the Treasurer's Office at FCI Terre-Haute because the Treasurer's Office is no longer required to send monthly payments for this action from plaintiff's prison trust account .

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  March 28, 2013